Janet M. Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Evan H. Nordby, Trial Attorney, WSBA # 35937
U.S. Department of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone: (206) 757-6762
Fax:    (206) 757-6761
Email: Nordby.evan@dol.gov

Counsel for the Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SANDPOINT GAS N GO & LUBE CENTER, INC., an Idaho corporation; and SYDNEY M. OSKOUI, an individual,<br><br>Defendants. | Case No. 14-357<br><br>**COMPLAINT – Labor**<br>29 U.S.C. § 660 |

I

Plaintiff Thomas E. Perez, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act and the Regulations published at 29 C.F.R. Part 1977.

**COMPLAINT – PAGE 1**
*Perez v. Sandpoint Gas N Go & Lube Center, Inc. et al.*

Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Phone: (206) 757-6751
Fax: (206) 757-6761

II

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

III

Defendant Sandpoint Gas N Go & Lube Center ("Sandpoint") is an Idaho corporation that operates a gas station and automobile oil change and lubrication shop ("Lube Center") located at 830 N. 5th St., Sandpoint, Idaho, 83864 within the jurisdiction of this Court.  Defendant Sandpoint is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4); and, an employer within the meaning of 29 U.S.C. § 652(5) because it was and is a person engaged in a business affecting interstate commerce in that it sold goods and used materials and tools from places outside the state of Idaho and had employees.

IV

Defendant Sydney M. Oskoui ("Oskoui") is the owner of and manages the day-to-day business of Defendant Sandpoint, and resides within the jurisdiction of this Court.  Defendant Oskoui is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4).

V

Daniel Kramer was, prior to April 16, 2012, an employee who was employed by the above-named Defendants as both terms are defined by 29 U.S.C. §§ 652 (5) and (6). Kevin Byers was, prior to April 16, 2012, an employee who was employed by the above-named Defendants as both terms are defined by 29 U.S.C. §§ 652 (5) and (6).

VI

During his employment by Defendants, Mr. Kramer reported to Defendants his concern that employees were exposed to working conditions at the Lube Center that were unsafe and potentially in

**COMPLAINT – PAGE 2**
*Perez v. Sandpoint Gas N Go & Lube Center, Inc. et al.*

Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Phone: (206) 757-6751
Fax: (206) 757-6761

violation of safety standards promulgated by OSHA under the Act. Defendants did not repair the unsafe conditions.

VII

On February 21, 2012, Mr. Kramer contacted the Occupational Safety and Health Administration of the U.S. Department of Labor ("OSHA") and reported the following conditions at the Lube Center: lack of nets over open automobile service bays, presenting a fall hazard; out-of-date fire extinguishers; exposed wiring near water leaks presenting an electrical shock hazard; absence of a first-aid kit and an eyewash station; and lack of hard hats for employees.

VIII

A Compliance Safety and Health Officer from OSHA's Boise, Idaho Area Office conducted an inspection of Defendants' Lube Center on February 24, 2012, in response to Mr. Kramer's complaint.

IX

At its February 24, 2012 inspection, OSHA found five violations of mandatory safety and health standards that presented a risk of death or serious bodily injury, and two violations that presented an other-than-serious risk.

X

On April 12, 2012, OSHA informed Defendants that it would be issuing citations and penalties to Defendants as a result of the inspection.

XI

On or about April 16, 2012, Defendants, in violation of section 11(c) of the Act, discharged Kramer because he filed complaints related to the Act as described in paragraphs VI and VII; and, discharged Byers because they suspected that he had filed a complaint related to the Act described in paragraph VII.

**COMPLAINT – PAGE 3**
*Perez v. Sandpoint Gas N Go & Lube Center, Inc. et al.*

Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Phone: (206) 757-6751
Fax: (206) 757-6761

XII

Defendants admitted six violations of mandatory safety standards issued under the Act, and paid a civil penalty.

XIII

On May 1, 2012, Mr. Kramer filed a whistleblower complaint with OSHA alleging that Defendants discriminated against him in violation of Section 11(c)(1) of the Act.

XIV

OSHA thereafter investigated Mr. Kramer's whistleblower complaint in accordance with §11(c)(2) of the Act and determined that Defendants violated Section 11(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. §660(c)(1); and

(2) For all appropriate relief as follows:

    a. Payment to Daniel Kramer for lost wages in the amount of $921.32 and benefits including interest thereon, and compensatory damages, plus pre- and post-judgment interest accruing thereon; and

    b. Payment to Daniel Kramer of punitive damages in the amount of $140,000.00, owing to Defendants' repeated, reprehensible conduct in reckless disregard for others' health and safety; and

    c. For an Order requiring posting in a prominent place at Defendants' Lube Center for

**COMPLAINT – PAGE 4**
*Perez v. Sandpoint Gas N Go & Lube Center, Inc. et al.*

Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Phone: (206) 757-6751
Fax: (206) 757-6761

90 (ninety) days a Notice stating Defendants will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

d. For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

DATED this August 27, 2014

> Respectfully Submitted,
>
> M. PATRICIA SMITH
> Solicitor of Labor
>
> JANET M. HEROLD
> Regional Solicitor
>
> BRUCE L. BROWN
> Associate Regional Solicitor
>
>
> /s/ Evan H. Nordby
> EVAN H. NORDBY
> Trial Attorney
> WSBA #35937
> U.S. DEPARTMENT OF LABOR
> 300 Fifth Avenue, Suite 1120
> Seattle, WA 98104
> Phone: (206) 757-6762
> Fax:    (206) 757-6761
> Email: Nordby.evan@dol.gov
>
> Counsel for Plaintiff Thomas E. Perez,
> Secretary, U.S. Department of Labor

**COMPLAINT – PAGE 5**
*Perez v. Sandpoint Gas N Go & Lube Center, Inc. et al.*

Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Phone: (206) 757-6751
Fax: (206) 757-6761