UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SANDPOINT GAS N GO & LUBE CENTER, INC., an Idaho corporation; and SYDNEY M. OSKOUI, an individual,<br><br>Defendants. | Case No. 2:14-cv-00357-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiff's Verified Request for Clerk's Entry of Default (Dkt. 5), Defendant Sydney Oskoui's Motion to Dismiss (Dkt. 6), Defendant Sydney Oskoui's Second Motion to Dismiss (Dkt. 12), and Defendant Sydney Oskoui's Motion for Sanctions (Dkt. 22).

## BACKGROUND

The Complaint in this matter was served on both defendants on September 3, 2014. Dkts. 3 and 4. The deadline for responding to the Complaint was September 24, 2014. Fed. R. Civ. P. 12(a)(1)(A)(1). Neither defendant filed a response on or before September 24, 2014, and Plaintiff filed its request for Clerk's entry of default on

September 25, 2014. Several other motions – namely those mentioned above – were subsequently filed by at least one of the defendants.

## ANALYSIS

Federal Rule of Civil Procedure 6 requires that when an act must be done within a specified time, the court may extend the time for good cause shown with or without motion or notice if a request for extension is made *before* the original time expires. Fed. R. Civ. P. 6(b)(1)(A) (*emphasis added*). Otherwise, the Court may, for good cause, extend the time *only* "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, no request for extension was made before the original time expired – in fact, no motion or request for extension has ever been made by either defendant.

Accordingly, the Court turns to the request for default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (*emphasis added*). Here, as explained above, neither defendant responded to the Complaint in a timely manner, which in essence means neither defendant responded to the Complaint. Moreover, a proof of service for each defendant was filed with the Court, Dkts. 3 and 4, and Plaintiff filed an affidavit explaining that the request for entry of default was sent by certified mail to the defendants. Dkt. 5. Therefore, the Court has no choice but to order the Clerk of the Court

to enter default against both defendants. The Court may entertain a motion to set aside default under Rule 55(c), but at this point the Court must order the Clerk to enter default.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Verified Request for Clerk's Entry of Default (Dkt. 5) is **GRANTED**.

2. Defendant Sydney Oskoui's Motion to Dismiss (Dkt. 6) is **DENIED**.

3. Defendant Sydney Oskoui's Second Motion to Dismiss (Dkt. 12) is **DENIED**.

4. Defendant Sydney Oskoui's Motion for Sanctions (Dkt. 22) is **DENIED**.

5. The Clerk of the Court shall enter default in favor of Plaintiff and against each defendant.

DATED: December 3, 2014

B. Lynn Winmill
Chief Judge
United States District Court