UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDPOINT GAS N GO & LUBE CENTER, INC., an Idaho corporation, and SYDNEY M. OSKOUI,<br><br>　　　　　Defendants. | Case No. 2:14-cv-00357-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Defendants' Motion for Extension of Time to File Answer Dkt. 73), Defendants' Motion to Set Aside Default (Dkt. 74), and Defendants' Request for District Court to Consider or Grant Defendants' Motion to Set Aside Default (Dkt. 80). For the reasons explained below, the Court will deny the motions.

**ANALYSIS**

The Secretary of Labor filed its Complaint on August 27, 2014. Responsive pleadings were due September 24, 2014. Defendants failed to timely respond. Instead, Defendants filed several frivolous pleadings, tried to unilaterally set a hearing on the

MEMORANDUM DECISION AND ORDER - 1

Court's calendar, attempted to be represented by a non-lawyer, and essentially disobeyed the Court's rulings and attempts to give Defendants their day in court. Eventually, after determining that neither Defendant had timely responded to the Complaint, the Court ordered the Clerk of the Court to enter default against both Defendants. The Clerk entered default on December 8, 2014. Defendant Oskoui tried to appeal the default but the Ninth Circuit dismissed the appeal *sua sponte* on January 14, 2015. The Ninth Circuit mandate returning the case to this Court was issued on March 16, 2015.

On July 13, 2015, the Secretary of Labor filed a motion for default judgment and requested a hearing on punitive damages. The Court set a hearing for September 24, 2015. Defendants did not appear at the hearing, and the Court entered a final judgment that included $100,000 in punitive damages, $979.25 in lost wages and prejudgment interest, and injunctive relief. Defendants filed a notice of appeal on October 6, 2015. On April 25, 2016 the Ninth Circuit filed an Order in this case indicating that briefing on the appeal was complete, but the Ninth Circuit has not yet ruled on the appeal.

## ANALYSIS

Defendants' Notice of Appeal of this Court's final judgment deprives this Court of jurisdiction to hear the pending motions. A default judgment is a final appealable order. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). "The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (Internal citations omitted). And this Court cannot consider a motion to vacate judgment. *Davis v. Yageo Corp.*, 481

**MEMORANDUM DECISION AND ORDER - 2**

F.3d 661, 685 (9th Cir. 2007). Accordingly, Defendants initial motion to set aside default and request for extension of time to answer the Complaint shall be denied.

A second motion to set aside default will also be denied. After the Secretary of Labor opposed the first two motions, Defendants filed another motion to set aside the default. This time, Defendants cited Rule 62.1, which states that if a timely motion is made for relief that the court lacks authority to grant because an appeal is pending, the court may (1) defer considering the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1.

Here, the Court will deny the motion. A district court has discretion to deny a rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced by granting it, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *Brandt v. American Bankers ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). Only a finding of a defendant's culpable conduct is necessary to deny the motion. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

Defendants engaged in culpable conduct to avoid litigation of the merits of this matter for more than a year. As noted above, Defendants filed several frivolous pleadings, tried to unilaterally set a hearing on the Court's calendar, attempted to be represented by a non-lawyer, and disobeyed the Court's rulings.  Then, when the Court scheduled a hearing, Defendants failed to show. Accordingly, the Court will deny the motion.

**MEMORANDUM DECISION AND ORDER - 3**

**ORDER**

1. Defendants' Motion for Extension of Time to File Answer Dkt. 73) is **DENIED**.

2. Defendants' Motion to Set Aside Default (Dkt. 74) is **DENIED**.

3. Defendants' Request for District Court to Consider or Grant Defendants' Motion to Set Aside Default (Dkt. 80) is **DENIED**.

DATED: December 8, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 4