UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SANDPOINT GAS N GO & LUBE CENTER, INC., and Idaho corporation, and SYDNEY M. OSKOUI,<br><br>Defendants. | Case No. 2:14-cv-00357-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant's Motion to Stay and Brief in Support (Dkt. 85). For the reasons explained below, the Court will deny the motion.

# ANALYSIS

The motion to stay is essentially a motion to reconsider the Court's earlier decision. Defendants ask the Court to "reconsider its Memorandum Decision and Order which denies Defendants' request to this Court to vacate the Judgment entered in this matter and in the alternative stay the execution of the Judgment entered in this matter." *Plf. Br.*, p.1, Dkt. 85.

The Secretary of Labor filed its Complaint on August 27, 2014. Defendants failed to timely respond. Instead, they filed several frivolous pleadings, tried to unilaterally set a

**MEMORANDUM DECISION AND ORDER - 1**

hearing on the Court's calendar, attempted to be represented by a non-lawyer, and disobeyed the Court's rulings. Eventually, the Court ordered the Clerk of Court to enter default against both Defendants. The Clerk entered default on December 8, 2014. Defendant Oskoui tried to appeal the default but the Ninth Circuit dismissed the appeal *sua sponte* on January 14, 2015. The Ninth Circuit mandate returning the case to this Court was issued on March 16, 2015.

On July 13, 2015, the Secretary of Labor filed a motion for default judgment and requested a hearing on punitive damages. The Court set a hearing for September 24, 2015. Defendants did not appear at the hearing, and the Court entered a final judgment that included $100,000 in punitive damages, $979.25 in lost wages and prejudgment interest, and injunctive relief. Defendants filed a notice of appeal on October 6, 2015. On April 25, 2016 the Ninth Circuit filed an Order in this case indicating that briefing on the appeal was complete, but the Ninth Circuit had not yet ruled on the appeal.

Defendants then asked the Court to set aside the default. The Court denied that request, explaining that Defendants' Notice of Appeal of this Court's final judgment deprived the Court of jurisdiction to hear the pending motions. A default judgment is a final appealable order. *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). "The effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (Internal citations omitted). The Court also noted that it cannot consider a motion to vacate judgment. *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007).

**MEMORANDUM DECISION AND ORDER - 2**

Defendants filed a second and third motion to set aside default, ultimately citing Rule 62.1, which states that if a timely motion is made for relief that the court lacks authority to grant because an appeal is pending, the court may (1) defer considering the motion, (2) deny the motion, or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1. The Court denied these motions as well, citing its discretion to deny a rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced by granting it, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). The Court explained that only a finding of a defendant's culpable conduct is necessary to deny the motion. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). In this case, Defendants engaged in culpable conduct for more than a year in an effort to avoid litigation on the merits of this matter.

Defendants now ask the Court to reconsider its decision. Defendants' motion to reconsider makes several new arguments why the Court should vacate the judgment, but it does not address the crucial jurisdiction issue. As explained in the Court's earlier decision, and as just restated above, Defendants' Notice of Appeal of this Court's final judgment deprived this Court of jurisdiction to hear a motion to set aside the default. Notably, Defendants have since filed a Notice of Appeal of the Court's Memorandum Decision and Order they now ask the Court to reconsider. Dkt. 84. And Defendants' argument that they did not engage in culpable conduct is without merit. Defendants suggest they did not manipulate the legal process or interfere with the judicial decision

making process. *United States v. Signed Pers. Check No. 730 of yubran S. Mesle,* 615 F.3d 1085, 1093 (9th Cir. 2010). The Court disagrees. Defendants significantly disrupted and delayed this case by filing multiple frivolous pleadings, unilaterally setting a hearing on the Court's calendar, attempting to be represented by a non-lawyer, and disobeying Court orders. The Court is extremely busy. If the Court had to address this type of behavior in all of its cases, justice for all parties before the Court would be seriously impeded. As it is, the Court and opposing counsel had to spend considerable time and resources addressing Defendants' frivolous behavior. Accordingly, Defendants' conduct was culpable, and the Court is without jurisdiction to consider the case while it is before the Ninth Circuit on appeal.

## ORDER

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Stay and Brief in Support (Dkt. 85) is **DENIED**.

DATED: May 8, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court