UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>SANDPOINT GAS N GO & LUBE CENTER, INC., an Idaho corporation, and SYDNEY M. OSKOUI,<br><br>Defendants. | Case No. 2:14-cv-00357-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Vacate (Dkt. 97), Plaintiff's Motion for Judgment Debtor Exam (Dkt. 103), and Defendant's Motion to Disqualify (Dkt. 105).

## ANALYSIS

**1.  Motion to Vacate**

Defendant Sydney Oskoui asks the Court to vacate the Court's July 12, 2018 Order granting Plaintiff's motion for an order to show cause. Oskoui asks to vacate the Order as "void" under Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) allows the

Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" because "the judgment is void." Fed. R.Civ. P. 60(b)(4). But Rule 60(b) applies only to final, appealable orders. *U.S. v. Martin*, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000). The July 12 Order was simply an order to show cause, and therefore not subject to Rule 60(b).

Moreover, the Court has already conducted the show cause hearing, but Oskoui failed to appear. Therefore, the motion is moot. And even if the motion was properly before the Court, the Ninth Circuit has already rejected Oskoui's claim that Plaintiff's counsel is not authorized to represent the Secretary of Labor in this case. Dkt. 89 at 2-3. Oskoui's due process and bias arguments are also without merit because this Court has given Oskoui more than a fair opportunity to be heard in this matter. As the Court has noted on more than one occasion, Defendants have engaged in culpable conduct to avoid litigation of the merits of this matter from the beginning. Defendants filed several frivolous pleadings, tried to unilaterally set a hearing on the Court's calendar, attempted to be represented by a non-lawyer, disobeyed the Court's rulings, and failed to show at scheduled hearings. Finally, Oskoui's assertion that the Court lacks authority to proceed with post-judgment proceedings in light of his petition for a writ of certiorari to the Supreme Court is meritless because the Supreme Court denied the petition. Dkt. 107. Accordingly, the Motion to Vacate will be denied.

2.  **Motion for Debtor's Exam**

As noted above, Oskoui failed to appear before the Court as ordered for an examination of his assets and debts after he failed to pay the damages awarded. The

**MEMORANDUM DECISION AND ORDER - 2**

Court directed Plaintiff to file a brief addressing the Court's authority to impose sanctions, including monetary fines or incarceration. Plaintiff has filed that brief, and the Court has reviewed it.

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U. S.*, 384 U.S. 364, 370 (1966). Civil contempt is intended to coerce compliance with the Court's order, rather than to punish as with criminal contempt. *U. S. v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999). One civil contempt sanction is a per diem fine imposed for each day a party fails to comply with a court order. *Id*. Incarceration is an appropriate coercive sanction so long as "the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order." *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 635 n.7 (1988).

In determining what sanction to impose, courts consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir.1986). Typically, civil sanctions should be the least coercive sanction reasonably calculated to win compliance with the Court's orders. *U. S. v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980).

Here, Plaintiff asks the Court to defer imposing civil contempt sanctions. Instead, Plaintiff asks the Court to order Oskoui to appear and produce documents for a judgment debtor examination pursuant to Federal Rule of Civil Procedure 69. Plaintiff further requests that the Court notify Oskoui that if he fails to appear, he may be subject to arrest for contempt of court and the Court may make an order requiring him to pay the

**MEMORANDUM DECISION AND ORDER - 3**

reasonable attorney's fees incurred by the judgment creditor in this proceeding. The Court agrees that such an order is the most efficient and appropriate course of action at this time. Accordingly, the Court will issue such an order below.

3. **Motion to Disqualify**

Oskoui asks the undersigned judge to disqualify himself because of bias. Oskoui essentially bases his argument on his disagreement with the Court's prior rulings. However, disagreement with the Court's prior rulings is not grounds for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Accordingly, the Court will deny the motion.

**ORDER**

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate (Dkt. 97) is **DENIED**.
2. Defendant's Motion to Disqualify (Dkt. 105) is **DENEID**.
3. Plaintiff's Motion for Judgment Debtor Exam (Dkt. 103) is **GRANTED**.
    a. Sydney M. Oskoui shall appear for a judgment debtor examination in the Jury Assembly Room at the United States Courthouse for the District of Idaho, Coeur d'Alene Office, 6450 North Mineral Drive, Coeur d'Alene ID 83815.
    b. Counsel for Plaintiff shall submit 2-3 proposed dates and times for the exam to the Court within 14 days of the date of this Order. The Court will choose one of those dates and times, and then issue a separate Order setting the date and time of the exam.
    c. Oskoui shall bring to the examination the following documents:

i. All state and federal tax returns, including all attachments, for Sydney M. Oskoui from 2015 through the present;

ii. All state and federal tax returns, including all attachments, for Sandpoint Gas N Go & Lube Center from 2015 through the present;

iii. For each bank, brokerage firm, credit union, credit card, and any other financial institution with which Sydney M. Oskoui has had an account since October 1, 2015, all account statements from October 2015 to the present;

iv. For each bank, brokerage firm, credit union, credit card, and any other financial institution with which Sandpoint Gas N Go & Lube has had an account since October 1, 2015, all account statements from October 2015 to the present;

v. Documents sufficient to identify any ownership of stocks, bonds or other securities by Sydney M. Oskoui;

vi. Documents sufficient to identify any insurance policies held by Sydney M. Oskoui and Sandpoint Gas N Go & Lube Center;

vii. Documents sufficient to identify any ownership interest in any business by Sydney M. Oskoui and Sandpoint Gas N Go & Lube Center;

viii. Documents sufficient to identify any debts currently owed to Sydney M. Oskoui and Sandpoint Gas N Go & Lube Center;

      ix. Documents sufficient to identify any debts currently owed by Sydney M. Oskoui and Sandpoint Gas N Go & Lube Center;

      x. All financial statements for Sandpoint Gas N Go & Lube Center from September 2015 through the present, including profit and loss and balance and income statements.

4. Oskoui is ordered that if he fails to appear at the time and place specified in this order and the Court's forthcoming order setting the date and time, he may be subject to arrest for contempt of court and the Court may issue an order requiring him to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.

DATED: December 3, 2018

B. Lynn Winmill  
Chief U.S. District Court Judge